UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DEBORAH A. JONES,<br><br>        Plaintiff,<br><br>    v.<br><br>WASHINGTON DEPARTMENT OF HEALTH, et al.,<br><br>        Defendants. | CASE NO. C11-5881BHS<br><br>ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS AND MOTION TO APPOINT COUNSEL |

This matter comes before the Court on Plaintiff Deborah Jones' ("Jones") motion to proceed in forma pauperis (Dkt. 1), proposed complaint (Dkt. 1-1), and motion to appoint counsel (Dkt. 2). The Court has reviewed the material filed in support of the motions and the remainder of the file and hereby denies the motions for the reasons stated herein.

**I. DISCUSSION**

On October 26, 2011, Jones moved the Court to proceed in forma pauperis (Dkt. 1) and to appoint counsel (Dkt. 2). Jones alleges that she is a licensed nurse and that the Washington Department of Health ("DOH") initiated a disciplinary proceeding against her in 2006. The proceeding was resolved with a stipulation to informal disposition. The DOH, however, makes the disposition publically available. When Jones applied for a job with the Washington Department of Health and Human Services, she failed to pass the background check because of the disposition. Jones requests a court order removing the disciplinary action and $3,000,000.00 in damages for her pain and suffering.

ORDER - 1

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a).  However, the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied*, 375 U.S. 845 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).

In this case, Jones fails to provide the Court with sufficient information regarding the particular violations of federal law that support any cause of action against the named defendants.  First, the stipulation that Jones signed contained a paragraph which states that the document, including the allegations of misconduct, is subject to the federal reporting requirements and that it "is a public document and will be available on the Department of Health web site."  Because it appears that Jones agreed that the document would be publically available, it is doubtful that the Court has the power to order the removal of the document from the DOH's website.

Second, Jones has failed to show that she has exhausted any administrative remedies that may be available.  For example, Jones may dispute the accuracy of the information that is subject to the federal reporting requirements. *See* 45 C.F.R. § 61.15 ("How to dispute the accuracy of Healthcare Integrity and Protection Data Bank information").  Jones' complaint does not contain any allegation regarding whether she has exhausted all available alternative remedies.

Therefore, the Court finds that, based on the face of Jones' complaint, this action appears to be without merit.

## II. ORDER

Therefore, it is hereby **ORDERED** that Jones' motion to proceed in forma pauperis (Dkt. 1) and Jones' motion for appointment of counsel (Dkt. 2) are **DENIED**.

ORDER - 2

The complaint will not be accepted unless the filing fee is paid on or before November 30, 2011.  However, even if the fee is paid, Jones is hereby informed that the claims asserted in the proposed complaint appear to be without merit and will likely result in dismissal of Jones' case.

DATED this 31st day of October, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3